## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Ellen Elizabeth Packenham Stanley and Ellen Elizabeth Packenham Stanley,  *as Representative for M.J.S., a minor*, | Case No. 0:16-cv-00275-JRT-KMM |
| Plaintiffs, | **REPORT AND RECOMMENDATION** |
| v. | |
| Carolyn W. Colvin,  *Commissioner of Social Security*, | |
| Defendant. | |

Ellen Elizabeth Packenham Stanley, 1530 Thomas Lake Point Road #217, Eagan, MN 55122, plaintiff pro se

Craig R. Baune, United States Attorney's Office, counsel for defendant

This matter is before the Court on the government's motion to dismiss. ECF No. 17. For the reasons set forth below, the Court recommends that the motion be granted and the case be dismissed without prejudice.

**I.     Background**

This case involves a complicated history of adjustments made by the Social Security Administration ("SSA") to social security benefits allegedly owed to Ellen Elizabeth Packenham Stanley and M.J.S, her son.[1] Ms. Stanley filed her complaint on

---

[1] Because M.J.S. is under the age of eighteen, the Court will use his initials in this Report and Recommendation, as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 5.2(a)(3).

Additionally, Ms. Stanley is not an attorney. As a result, she was not permitted to bring this action on behalf of her child, M.J.S. *Vargason v. Dep't of Human Servs.*,

*(footnote continued on next page)*

1

February 4, 2016.  Compl., ECF No. 1.  On May 12, 2016, she amended the complaint, restating the same claims but expanding her prayer for relief to include $3 million for pain and suffering.  Am. Compl., ECF No. 8.

The Amended Complaint alleges that the SSA negligently reduced Ms. Stanly's and M.J.S.'s spousal and survivor benefits in violation of the Federal Tort Claims Act ("FTCA").  *See* Am. Compl. ¶ 7.  Between April and August 2014, Ms. Stanley claims that the SSA repeatedly negligently adjusted their benefits, leading to periods of time where their total benefits were significantly lower than the amount to which Ms. Stanley believes they were entitled, and to efforts by the SSA to recover funds already dispersed, further harming her family.[2]  Faced with the financial hardship of lower benefits awards, Ms. Stanley asserts that the SSA's actions caused her and M.J.S. to be evicted from their home, led to the death of their dog, and caused physical and psychological damage to both of them.  Am. Compl. ¶ 10.

Ms. Stanley has also challenged the SSA's handling of her and M.J.S.'s benefits administratively.  In July 2015, prior to filing this case, Ms. Stanley brought a claim directly to the SSA with allegations that match those currently before the Court.  *See* Davis Decl., Ex. 1, ECF No. 21-1.  On August 13, 2015, Ms. Stanley's claim was denied by the SSA.  Davis Decl., Ex. 2, ECF No. 21-2.  In the letter denying her claim, the SSA noted that it found no evidence of negligence on the part of its

---

No. 13-cv-518-DWF-LIB, 2013 WL 1315090, at *1 n.1 (D. Minn. Mar. 7, 2013) ("However, a parent cannot bring an action in federal court for the benefit of a minor child, unless the parent is represented by an attorney.") (citing *Myers v. Loudon County Pub. Schools*, 418 F.3d 395, 401 (4th Cir. 2005), and *Buckley v. Dowdle*, No. 08-1005, 2009 WL 750122, at *1 (8th Cir. Mar. 24, 2009) (per curiam)).  M.J.S. cannot be a party in this litigation unless he is represented by counsel.  Because this Report and Recommendation recommends dismissal of all claims on other grounds, the Court does not separately analyze what effect this would have on the future of this case.

[2]   The timing of the alleged errors that gave rise to Ms. Stanley's claims is not totally clear from the record.  In the briefing related to the government's motion to dismiss, Ms. Stanley alleges that these changes occurred between March and November 2014.  Pl.'s Reply Mem. Opposing Def.'s Mot. to Dimiss ("Pls.' Resp."), at 4, ECF No. 31.  In any case, it is clear that the allegedly negligent changes to Ms. Stanley's and M.J.S.'s benefits spanned several months during 2014.

employees and that it believed the Social Security Act barred FTCA claims related to benefits determinations from being brought against the SSA. *Id.* Finally, the SSA informed Ms. Stanley of her right to appeal that decision to the SSA's Appeals Council, *id.*, which Ms. Stanley has done, Johnson Decl. ¶ 29, ECF No. 22. At the motion hearing on November 18, 2016, defense counsel indicated that Ms. Stanley's administrative appeal was still pending.

The government filed its motion to dismiss this case on August 9, 2016, arguing that the Court lacks subject matter jurisdiction pursuant to the doctrine of sovereign immunity. ECF No. 17. Ms. Stanley responded on October 25, 2016, and the government filed its reply on November 8, 2016. ECF Nos. 31, 34. The Court heard argument on November 18, 2016. ECF No. 37. Ms. Stanley recently moved and did not receive a copy of the government's reply until after the hearing. As a result, she requested and was granted an opportunity to file a surreply. ECF No. 38. She filed her surreply on December 7, 2016. ECF No. 39.

## II.   "Facial Attack" Under Rule 12(b)(1)

"[S]overeign immunity is a jurisdictional threshold matter . . . ." *Lors v. Dean*, 746 F.3d 857, 861 (8th Cir. 2014) (citing *Harmon Indus., Inc. v. Browner*, 191 F.3d 894, 903 (8th Cir. 1999) (alterations in original omitted). Because the government's motion implicates the Court's subject matter jurisdiction, it is analyzed under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Challenges to the Court's subject matter jurisdiction come in two forms, and the appropriate standard is based on which form the challenge takes. *See, e.g., Najbar v. United States*, 723 F. Supp. 2d 1132, 1133 (D. Minn. 2010), *aff'd on other grounds*, 649 F.3d 868 (8th Cir. 2011). The first type involves a challenge to the factual basis of the Court's subject matter jurisdiction where the defendant argues that "under the facts as they actually exist" (rather than as they are pleaded), the Court lacks subject matter jurisdiction over the case. *Id.* The second type involves a "facial attack" where the defendant contends that the Court lacks the subject matter jurisdiction to hear the case even if all of the facts in the complaint are accepted as true. *See, e.g., Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993).

The 12(b)(1) motion in this case is of the second type. The government argues that regardless of the truth of the facts in Ms. Stanley's complaint, the Court lacks the subject matter jurisdiction to decide her case. In deciding a facial attack, the Court

3

"must afford the non-moving party the same protections it would be entitled to under Rule 12(b)(6)." *Gilmore v. Nw. Airlines, Inc.*, 504 F. Supp. 2d 649, 653 (D. Minn. 2007) (citing *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). The Court must therefore assume the facts in the complaint to be true and construe all reasonable inferences in the light most favorable to the plaintiff. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).

Because Ms. Stanley is representing herself in this litigation, the Court reads her complaint liberally. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). "When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Id.* (citing *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Courts should also consider statements in the *pro se* litigant's memoranda or other filings in analyzing the sufficiency of the allegations in the complaint. *See Pratt v. Corrections Corp. of Am.*, 124 Fed. App'x 465, 466 (8th Cir. 2005).

### III.  Sovereign Immunity Precludes Jurisdiction[3]

The government argues that the Social Security Act, specifically 42 U.S.C. §§ 405(g) and (h), bar the Court from adjudicating this case under the doctrine of sovereign immunity. Ms. Stanley argues that the Court hsa jurisdiction, that the SSA negligently made adjustments to her and M.J.S.'s benefits, and that the Court should exercise its equitable powers to find in her favor. However, for the reasons explained below, it is not within the Court's power to offer Ms. Stanley the relief she seeks.

Under the doctrine of sovereign immunity, the federal government and its agencies cannot be sued, absent an express waiver of their immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). The FTCA is such a waiver in

---

[3]  In its brief, the government argues that the named defendant, the Acting Commissioner of the Social Security Administration, is not the proper defendant in a case brought pursuant to the FTCA. Def.'s Mem. in Supp. Mot. to Dismiss, at 8-9, ECF No. 19. The Court agrees with this analysis, as does Ms. Stanley. Pl.'s Sur-Reply, at 10. Given Ms. Stanley's pro se status and her agreement, the Court analyzes the motion as if the case had been brought against the United States.

some circumstances. *See Riley v. United States*, 486 F.3d 1030, 1032 (8th Cir. 2007). It allows the federal government to be sued "in the same manner and to the same extent as a private individual under like circumstances" for torts committed by its employees who were acting within the scope of their employment. 28 U.S.C. §§ 2672, 2674.

However, the FTCA is not a blanket waiver of sovereign immunity. *See, e.g., Hart v. United States*, 630 F.3d 1085, 1088 (8th Cir. 2011) ("Where the United States has not waived sovereign immunity under the FTCA, the district court lacks subject matter jurisdiction to hear the case."). Its own terms narrow the field of potential damages for which the federal government can be found liable. *See* 28 U.S.C. §§ 2674 (indicating the FTCA does not allow liability for interest prior to judgment or punitive damages). And other statutory schemes affect whether and how FTCA claims can be brought against a particular agency. For example, exclusive remedy provisions in certain statutes narrow the FTCA's waiver of sovereign immunity or change the process by which relief may be obtained. *See, e.g., Stencel Aero Eng'g Corp. v. United States*, 431 U.S. 666, 671-73 (1977) (discussing the Veterans' Benefits Act's exclusivity provision as limiting the FTCA's waiver of sovereign immunity in situations covered by the Act's provisions).

In the Social Security context, § 405(h) is an exclusive remedy provision that precludes pursuing tort claims via the FTCA. 42 U.S.C. § 405(h) (indicating that "[n]o action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under" the statutes providing federal courts with jurisdiction over cases involving federal questions or the United States as a defendant). It applies to claims "arising under" the Social Security Act's provisions related to the determination and administration of old-age, survivors, or disability insurance benefits. *Id.* The question here is whether Ms. Stanley's claims "arise under" those statutory provisions.

The overwhelming majority of appellate courts that have considered this question, including the Eighth Circuit, have found that the "arising under" language in § 405(h) should be broadly understood to preclude FTCA liability for allegedly negligent conduct on the part of the SSA in determining, denying, or administering benefits awards. *Goings v. United States*, 287 F. App'x 543, 543 (8th Cir. 2008) (per curiam) (tort claim related to the Veterans Administration's negligent handling of plaintiff's personnel file that caused his SSA claim to be denied was barred because it arose under Social Security Act); *Tallman v. Reagan*, 846 F.2d 494, 495 (8th Cir. 1988)

5

(per curiam) (FTCA claim alleging negligently delayed determination of benefits was barred by § 405(h)); *Giesse v. Sec'y of Dep't of Health & Human Servs.*, 522 F.3d 697, 702 (6th Cir. 2008) (tort claim related to allegedly arbitrary and capricious termination of benefits barred by § 405(h)); *Raczkowski v. United States*, 138 F. App'x 174, 174 (11th Cir. 2005) (per curiam) (FTCA claim related to allegedly negligent calculation of benefits was barred by § 405(h)); *Puente v. Callahan*, 117 F.3d 1428 (10th Cir. 1997) (FTCA claim related to allegedly negligent calculation of benefits was barred by § 405(h)); *Jarrett v. United States*, 874 F.2d 201, 204 (4th Cir. 1989) (FTCA claim for allegedly negligent termination of benefits was barred by § 405(h)); *Hooker v. U.S. Dep't of Health & Human Servs.*, 858 F.2d 525, 529 (9th Cir. 1988) (same); *Marin v. HEW, Health Care Financing*, 769 F.2d 590 (9th Cir. 1985) (FTCA claim for negligently delayed processing of SSA claim was barred as arising under Social Security Act); *accord Livingston Care Ctr., Inc. v. United States*, 934 F.2d 719, 722 (6th Cir. 1991) (consequential damages claim related to allegedly wrongful termination of Medicare benefits barred by § 405(h), as incorporated into the Medicare statute).[4]

In these decisions, courts have found that the FTCA does not permit liability for extended delay prior to a determination of an individual's entitlement to benefits, allegedly erroneous denial of benefits, or errors in the administration of and adjustments to benefits awards. Though none of these decisions precluding FTCA liability involve claims of negligence identical to those raised by Ms. Stanley, there is no legal distinction between her claims and those at issue in those cases that would enable a court to allow an FTCA claim in one but not the others.

The Court finds that § 405(h) bars FTCA claims that are broadly related to Social Security benefits, and that § 405(g) provides the exclusive process by which claims related to benefits can be reviewed by the Court. Ms. Stanley's tort claims arise out of the SSA's allegedly erroneous and negligent administration of her and her son's benefits. All of the injuries she claims are directly related to asserted mistakes made by the SSA in calculating her benefits. Claims of negligent—or even grossly negligent—conduct of the SSA broadly related to the determination of benefits "arise

---

[4]   The lone court to disagree with this assessment is the First Circuit. *See Jimenez-Nieves v. United States*, 682 F.2d 1, 3 (1st Cir. 1982) In *Jimenez-Nieves*, the court decided that § 405(h)'s "arising under" language did not cover a claim of negligent administration of benefits.

under" the Social Security Act and thus cannot be brought as an FTCA claim. *Tallman*, 846 F.2d at 495.

Moreover, Ms. Stanley's claims would require the Court to relitigate whether the SSA's various 2014 adjustments to her and M.J.S.'s benefits were erroneous before the Court could ever reach a question about the SSA's alleged negligence. *See Jarrett v. United States*, 874 F.2d 201, 204 (4th Cir. 1989) (finding that a purported FTCA claim for negligent termination of benefits arose under the Social Security Act, in part because it would require relitigation of the awarding of benefits). As such, Ms. Stanley's claims necessarily "arise under" the Social Security Act and are subject to § 405(h)'s exclusive remedy provision and the procedures for judicial review set forth in § 405(g). Therefore, the Court lacks subject matter jurisdiction to hear this case and it must be dismissed.[5]

## Recommendation

Based on the foregoing, the Court **HEREBY RECOMMENDS** the government's motion to dismiss (ECF No. 17) be granted and that the case be dismissed without prejudice.

Date: January 17, 2017                                  s/ *Katherine Menendez*
                                                        Katherine Menendez
                                                        United States Magistrate Judge

---

[5] Because the Court finds that it lacks subject matter jurisdiction to hear this case regardless of the accuracy of the facts alleged in the complaint, the Court does not need to reach whether has properly exhausted her claims as required by the FTCA. *See* 28 U.S.C. § 2675(a). However, both Ms. Stanley and the government have indicated that Ms. Stanley's appeal of the determination of benefits is still pending before the SSA's Appeals Council. *See, e.g.*, Pls.' Resp., at 3-4; Def.'s Reply, at 3 n.2. Therefore, even if the Court were not precluded from deciding the case for the reasons set forth above, it would nonetheless recommend dismissal without prejudice on the grounds of failure to exhaust.

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.