## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| ELLEN ELIZABETH PACKENHAM STANLEY and ELLEN ELIZABETH PACKENHAM STANLEY, *as Representative Payee for M.J.S.*,<br><br>Plaintiffs,<br><br>v.<br><br>NANCY A. BERRYHILL, *Acting Commissioner of Social Security*,[1]<br><br>Defendant. | Civil No.  16-275 (JRT/KMM)<br><br><br>**MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |

Ellen Elizabeth Packenham Stanley, 1530 Thomas Lake Pointe Road #217, Eagan, MN  55122, *pro se*.

Craig R. Baune, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN  55415, for defendant.

This case arises from a series of adjustments made by the Social Security Administration ("SSA") to social security benefits allegedly owed to Plaintiff Ellen Elizabeth Packenham Stanley.   Stanley filed an Amended Complaint pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, alleging the SSA negligently reduced Stanley's social security benefits.   United States Magistrate Judge Katherine Menendez issued a Report and Recommendation ("R&R") on January 17,

---

[1] Nancy A. Berryhill became Acting Commissioner of Social Security on January 23, 2017 and is automatically substituted for Carolyn W. Colvin as Defendant in this action pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

2017, recommending dismissal of Stanley's Complaint for lack of subject matter jurisdiction. Stanley filed timely objections, arguing the government waived sovereign immunity in the FTCA and, therefore, the FTCA supplies the Court with jurisdiction. Because the Court lacks subject matter jurisdiction over this action, the Court will overrule Stanley's objections, adopt the R&R, in part, and dismiss Stanley's Amended Complaint without prejudice.

## BACKGROUND

From approximately May through July 2014, Stanley allegedly suffered a decrease in social security benefits because SSA employees improperly input an equity settlement into the "earnings" category in the SSA computer system. (Am. Compl. ¶¶ 7, 9, May 12, 2016, Docket No. 8.) According to Stanley, the SSA improperly reduced her social security benefits from $411 to $1 a month. (*Id.* ¶ 7.) Stanley asserts she contacted the SSA numerous times regarding the reduction in benefits, but "was ignored and was not given the proper paperwork and/or interview." (*Id.* ¶ 8.) Stanley alleges the SSA's negligence caused: her "household to become financially unstable"; eviction from Stanley's home; the death of Stanley's dog; and both "physical[] and psychological[]" pain to Stanley and her son M.J.S.[2] (*Id.* ¶¶ 7, 10.)

---

[2] The Court recognizes Ellen Elizabeth Packenham Stanley is not an attorney and, as such, could not bring this action on behalf of her child M.J.S., who was a minor at the time Stanley filed this case. *See Buckley v. Dowdle*, No. 08-1005, 2009 WL 750122, at *1 (8th Cir. 2009) (citing *Myers v. Loudoun Cty. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005)). Nevertheless, because the Court will dismiss Stanley's Amended Complaint for lack of subject matter jurisdiction, the Court does not separately analyze this issue.

In July 2015, Stanley filed a claim for damages with the SSA alleging SSA employees negligently decreased her social security benefits in violation of the FTCA.[3] (Decl. of Lucinda E. Davis ("Davis Decl.") ¶ 3 & Ex. 1, Aug. 9, 2016, Docket No. 21.) On August 13, 2015, the SSA denied Stanley's claim. (*Id.*, Ex. 2 at 1.) The SSA found Stanley failed to submit evidence showing "a negligent act or omission of a federal employee acting within the scope of his or her employment caused [Stanley's] injury." (*Id.*) The SSA further advised Stanley of its position that the FTCA did not permit claims related to benefits calculations against the SSA. (*Id.* (citing 42 U.S.C. § 405(h)).) The SSA informed Stanley that the proper procedure for appealing this determination was to "fil[e] suit in the appropriate United States District Court within six (6) months."[4] (*Id.*)

---

[3] The government's submissions also indicate Stanley filed an initial request for reconsideration and request for waiver regarding the benefits calculation in April 2014. (Decl. of Cristina Prelle ("Prelle Decl."), Ex. 1 at 4, Aug. 9, 2016, Docket No. 20.) In September 2014, the SSA denied the request for reconsideration on the calculation of "her mother's benefits" and Stanley filed a request for a hearing before an Administrative Law Judge ("ALJ"). (*Id.*) The ALJ issued two decisions regarding this issue, in October 2015 and December 2015 respectively, both finding Stanley's mother's benefits were properly calculated and dismissing the request for reconsideration on the basis of res judicata. (*Id.* at 7; Prelle Decl., Ex. 2 at 8.) The record indicates Stanley requested review of the ALJ's decisions with the Appeals Council, (Prelle Decl. ¶ 3(c)), and that this administrative matter is still pending (R&R at 3 (noting the administrative matter was pending as of November 18, 2016)).

[4] Stanley correctly points out that, contrary to the findings in the R&R, the SSA did not advise Stanley of her right to appeal the FTCA claim to the Appeals Council. (*See* Pl.'s Obj. to R&R at 2-3, Jan. 27, 2017, Docket No. 41 (citing Davis Decl., Ex. 2).) In fact, the SSA directly informed Stanley any appeal should be filed "in the appropriate United States District Court." (Davis Decl., Ex. 2; *see also* Davis Decl. ¶ 4 ("I . . . advised [] Stanley of her right to appeal SSA's decision in the appropriate United States District Court").) Therefore, on the record before the Court, Stanley appears to have exhausted her administrative remedies on this claim. *See* 28 U.S.C. § 2675(a) (requiring the claimant to first "present[] the claim to the appropriate Federal agency" and the claim be "finally denied by the agency in writing"). But the Court need not decide the issue because the Court adopts the recommendation of the Magistrate Judge that

(Footnote continued on next page.)

Stanley filed the Amended Complaint on May 12, 2016, alleging the SSA negligently reduced Stanley's social security benefits in violation of the FTCA.[5] (*See* Am. Compl. at 11.)   Stanley's Amended Complaint set forth allegations substantially similar to the claim Stanley asserted before the SSA in July 2015.  (*See* Davis Decl., Ex. 1 at 3-5.)  The government moved to dismiss the Amended Complaint, arguing the Court lacks subject matter jurisdiction.  (Def.'s Mot. to Dismiss, Aug. 9, 2016, Docket No. 17.)  The Magistrate Judge issued an R&R recommending the Court grant the government's motion to dismiss for lack of subject matter jurisdiction.  (R&R at 7, Jan. 17, 2017, Docket No. 40.)  Stanley filed timely objections to the R&R, arguing the Magistrate Judge erred in finding the Court lacks subject matter jurisdiction over this matter.

_____

(Footnote continued.)

the Court lacks subject matter jurisdiction.  The Court does, nonetheless, reject the R&R's findings of fact to the extent they assert "the SSA informed . . . Stanley of her right to appeal [the August 13, 2015] decision to the SSA's Appeals Council" (R&R at 2-3 (citing Davis Decl., Ex. 2)), and the conclusion that dismissal would be proper for failure to exhaust, (*see* R&R at 7 n.5).

[5] The Court adopts the Magistrate Judge's recommendation to construe Stanley's allegations under the Federal Tort Claims Act as if properly filed against the United States.  (*See* R&R at 4 n.3, Jan. 17, 2017, Docket No. 40); *see also Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004) ("When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework.").

## DISCUSSION

### I.   STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1).  "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections."  *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015) (quoting *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008)).  On a dispositive motion, the Court reviews "properly objected to" portions of an R&R de novo.  Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).

Here, the government moves to dismiss Stanley's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1).  A Rule 12(b)(1) motion challenges the Court's subject matter jurisdiction and requires the Court to examine whether it has authority to decide the claims.  *Uland v. City of Winsted*, 570 F. Supp. 2d 1114, 1117 (D. Minn. 2008).  In resolving a motion to dismiss under Rule 12(b)(1) based on a "facial" attack,[6] "all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction."  *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993).  "In other words, in a

---

[6] Neither Stanley nor the government object to the Magistrate Judge's recommendation that the government's motion is a "facial" attack – "the government argues that regardless of the truth of the fact in . . . Stanley's complaint, the Court lacks . . . subject matter jurisdiction." (R&R at 3.)

facial challenge, the court 'determine[s] whether the asserted jurisdictional basis is patently meritless by looking to the face of the complaint, and drawing all reasonable inferences in favor of the plaintiff.'"  *Montgomery*, 98 F. Supp. 3d at 1017 (quoting *Biscanin v. Merrill Lynch & Co.*, 407 F.3d 905, 907 (8th Cir. 2005)).

## II.    SUBJECT MATTER JURISDICTION

Stanley primarily challenges the R&R's recommendation that the Court lacks subject matter jurisdiction over this action.  Specifically, Stanley challenges the R&R's conclusion that the Court lacks subject matter jurisdiction because the exclusive remedy provision in the Social Security Act – 42 U.S.C. § 405(h) – "precludes pursuing tort claims via the FTCA."  (R&R at 5; *see also* Pl.'s Obj. to R&R at 4, Jan. 27, 2017, Docket No. 41 (arguing section 405(h) does not bar an "action for tortfeasance").)

Absent an express waiver by the government, sovereign immunity protects the United States and its agents from suit.  *United States v. Shaw*, 309 U.S. 495, 500-01 (1940); *United States v. Kearns*, 177 F.3d 706, 709 (8th Cir. 1999).  A district court lacks jurisdiction to hear a case against the United States or its agents unless sovereign immunity has been expressly waived.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").  In some circumstances, the FTCA acts as such a waiver.  *Hart v. United States*, 630 F.3d 1085, 1088 (8th Cir. 2011) (quoting *Riley v. United States*, 486 F.3d 1030, 1032 (8th Cir. 2007)).  In those circumstances, the FTCA permits the United States and its agents to be sued "in the same matter and to the same extent as a private

individual under like circumstances" for torts committed by government employees during the scope of their employment.  28 U.S.C. §§ 2672, 2674.

But the FTCA does not provide for an unlimited waiver of sovereign immunity in all tort-related claims.  As relevant to this case, the FTCA cannot generally be used as a back door to circumvent an exclusive remedy provision in another statute that narrows the relief an individual can obtain for actions by the United States or its agents.  *Am. Postal Workers Union, AFL-CIO v. U.S. Postal Serv.*, 940 F.2d 704, 708 (D.C. Cir. 1991) (holding a plaintiff cannot use the FTCA to circumvent an "elaborate remedial system that has been constructed step by step, with careful attention to conflicting policy considerations"); *Paul v. United States*, 929 F.2d 1202, 1204 (7th Cir. 1991) ("The FTCA is not a back door to review . . . the administrative decision"); *cf. Stencel Aero Eng'g Corp. v. United States*, 431 U.S. 666, 673 (1977) (quoting *Laird v. Nelms*, 406 U.S. 797, 802 (1972)) (discussing FTCA and Veterans' Benefits Act).

Here, the Social Security Act provides an exclusive remedy for claims related to SSA employees' alleged mistakes in calculating an individual's benefits.  *See* 42 U.S.C. § 405(g); *see also Laird v. Ramirez*, 884 F. Supp. 1265, 1279 (N.D. Iowa 1995) (noting section 405(h) "makes [section] 405(g) the exclusive remedy").  Section 405(h) provides that "[n]o action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought . . . to recover on any claim **arising under**" the Social Security Act's provisions related to the determination and administration of old-age, survivors, and disability insurance benefits.  (Emphasis added.)

The Eighth Circuit has held the "aris[es] under" language in section 405(h) applies to claims for negligent determination and administration of social security benefits, thus precluding liability under the FTCA. *See Goings v. United States*, 287 F. App'x 543, 543 (8th Cir. 2008) (per curiam) (holding section 405(h) precluded an FTCA claim when the claims required the district court to review an administrative decision to determine whether Goings was entitled to disability benefits); *Tallman v. Reagan*, 846 F.2d 494, 495 (8th Cir. 1988) (noting section 405(h) precludes "FTCA action for damages caused by negligently tardy processing of cost reports" (citing *Marin v. HEW, Health Care Fin. Agency*, 769 F.2d 590, 592 (9th Cir. 1985))); (*see also* R&R at 5-6 (listing cases)).

Here, Stanley's claim plainly arises under the Social Security Act. All of Stanley's alleged injuries stem from conduct related to the calculation and administration of her social security benefits. Thus, Stanley's claim under the FTCA would improperly be used as "a back door" to circumvent the remedial scheme set forth in section 405(g), in direct contradiction of section 405(h). *See Paul*, 929 F.2d at 1204. Further, Stanley's claim would require the Court to relitigate the SSA's benefits award, which is further evidence the claim "aris[es] under" the Social Security Act. *See Goings*, 287 F. App'x at 543; *see also Jarrett v. United States*, 874 F.2d 201, 204 (4th Cir. 1989) (holding a claim arises under the Social Security Act when it requires "relitigation of the denial of social security benefits").

For these reasons, the Court finds Stanley's claim "aris[es] under" the Social Security Act and is subject to the exclusive remedies set forth in section 405(g). Thus, the Court lacks subject matter jurisdiction over Stanley's Amended Complaint under the

- 9 -

FTCA and will dismiss the Amended Complaint without prejudice, which means that the

Complaint may be refiled if done in a proper manner according to law.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the

Court **OVERRULES** Stanley's objections [Docket No. 41] and **ADOPTS in part** and

**REJECTS in part** the Report and Recommendation of the Magistrate Judge dated

January 17, 2017 [Docket No. 40] as set forth above.  Accordingly, **IT IS HEREBY**

**ORDERED** that:

1.      The government's Motion to Dismiss [Docket No. 17] is **GRANTED**.

2.      This case is **DISMISSED without prejudice**.

     **LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED:   March 29, 2017                          _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                          JOHN R. TUNHEIM
                                                         Chief Judge
                                              United States District Court